**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-190-DLB**

**DONALD D. COMPTON**                                                                                      **PLAINTIFF**

**vs.**                                           **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                              **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Donald D. Compton filed applications for period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) on June 17, 1999. Plaintiff, who was 48 years old at the time of the hearing, has an eighth grade education. He alleges a disability onset date of March 1, 1999, due to paranoia, anxiety, severe arthritis, muscle spasms and cramps, back pain, neck pain, joint pain, pain in his extremities, numbness in his back and extremities, loss of grip strength, tendonitis, bursitis, poor vision, poor hearing, bronchitis, shortness of breath, headaches, prolonged mitro prolapse valve, high blood pressure, chest pains, poor circulation, irregular bowel movements, heartburn, stomach cramps, borderline diabetes, depression, memory

problems, torso rash, and chronic fatigue. His application was denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge, which hearing was held on October 24, 2000, in Prestonsburg, Kentucky. The ALJ ruled that Plaintiff was not under a disability and was not eligible for DIB or SSI payments. This decision was approved by the Appeals Council on April 9, 2004.

The instant action was filed on May 6, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the

claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 16).  At Steps 2 and 3, the ALJ found that Plaintiff's mild chronic obstructive pulmonary disease, back and joint pain, generalized anxiety disorder, and borderline intellectual functioning constituted severe impairments. (Tr. 16) The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 16-17)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a significant range of  light work. (Tr. 20)  Specifically, the ALJ found that Plaintiff can lift or carry twenty pounds occasionally or ten pounds frequently, stand or walk for six hours in an eight-hour workday, or sit for six hours in a workday.  He also found Plaintiff to have the following nonexertional limitations: reading at the eighth grade level and spelling and mathematics at the sixth grade level; no climbing ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, bending, kneeling, crouching, or crawling; must avoid temperature extremes, dampness, wetness, humidity, fumes, odors, dust, gases, hazardous machinery, and unprotected heights; has moderate limitations in his ability to maintain attention and concentration for extended periods,

interact appropriately with the general public, respond appropriately to changes in the work setting, and carry out detailed job instructions. (*Id.*)  Because the Plaintiff's past work required him to lift up to fifty pounds, the ALJ concluded that Plaintiff was unable to perform his past relevant work. (*Id.*)

The ALJ therefore proceeded to the final step of the sequential evaluation.  At Step 5, the ALJ found that there are jobs existing in significant numbers in the national economy that he could perform, including hand packer and assembler at the light unskilled level, and assembler and bench worker at the sedentary unskilled level.  This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving a person of Plaintiff's age, education, past relevant work experience, and RFC.

**C.**     **Analysis**

Plaintiff raises one challenge in his appeal.  He argues that the decision was not supported by substantial evidence because the ALJ did not comply with the factors in evaluating credibility set forth in Social Security Ruling 96-7p. The relevant provision of SSR 96-7p for assessing the credibility of a plaintiff's statements reads:

> The adjudicator must also consider any observations about the individual recorded by Social Security Administration employees during interviews, whether in person or by telephone.

Plaintiff contends that the ALJ erred in not addressing the observations made by SSA employee Dana Taylor in her June 17, 1999, initial Disability Report. (Tr. 63-66) Plaintiff submits that Ms. Taylor's observations help establish the credibility of Plaintiff's allegations regarding his limitations.

On page three of the Disability Report, Ms. Taylor indicated that she observed the Plaintiff had difficulty "answering," "seeing," and "using hands" by marking "yes" for these

4

items. (Tr. 65) The instructions for this section provide that "If the claimant had difficulty with the following, check the 'yes' block and explain in 'observations' ...." (*Id.*) Accordingly, at the bottom of the page, in the space marked "observations," Ms. Taylor explained her affirmative findings by noting that "clmt short and extremely thin, wore thick lens glasses, was accompanied by separated sps looked to her for a lot of answers, right hand was wrapped in ace bandage." (*Id.*)

In his written decision, the ALJ did not explicitly note and address the observations of SSA employee Taylor. His failure to do so, argues Plaintiff, is reversible error. In considering this argument, the Court finds persuasive the Sixth Circuit's recent decision in *Thacker v. Comm'r of Social Security*, 99 Fed. Appx. 661 (6th Cir. 2004), which coincidently was an appeal by Plaintiff's counsel of a decision of this Court. When faced with the same argument, the Sixth Circuit concluded that "SSR 96-7p only requires that the ALJ consider other employees' observations of h[im]. The ALJ's failure to discuss those observations does not indicate that they were not considered. An ALJ need not discuss every piece of evidence in the record for his decision to stand." *Id.* at 665.[1]

While the ALJ's decision does not expressly address Ms. Taylor's comments, it does state that the claimant's testimony was evaluated within the provisions of Social Security Ruling 96-7p. (Tr. 18) Though the ALJ must consider the overall record, it would be

---

[1]Given that *Thacker* is a circuit decision not selected for publication in the Federal Reporter, Plaintiff asks this Court to ignore it and instead find *Brown v. Barnhardt,* 2002 WL 603044 (E.D.N.Y. Apr. 15) persuasive on this issue. *Brown* held, *inter alia,* that the ALJ erred in failing to note physical limitation observations of an SSA interviewer. *Brown* is a district court decision, not designated for publication in the Federal Supplement, from a trial court outside this circuit. It is unpersuasive given the *Thacker* decision. While not having precedential weight, consideration of *Thacker's* analysis of this issue is fitting. *United States v. Webber,* 208 F.3d 545, 551 n.3 (6th Cir. 2000)("We recognize that our unpublished opinions carry no precedential weight; they often do, however, carry persuasive weight.").

5

inappropriate to conclude he failed to do so solely because Taylor's Disability Report observations were not separately identified. In assessing Plaintiff's credibility as only fair, the decision reflects a summary of the ALJ's review of the record. The ALJ discussed generally Plaintiff's subjective complaints and limits, and compared them to the nature and extent of medical treatment and to the notations about his activities and pain level in the records and as observed at the hearing. (Tr. 18-20) The ALJ's consideration and decision in this regard therefore complied with the applicable standard and was supported by substantial evidence.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Supplemental Motion for Summary Judgment (Docs. #4 & #10) are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 22nd day of June, 2005.



Signed By:
*David L. Bunning*  *DB*
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-190-ComptonMOO.wpd